NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE J. LARIOS CAHUEC,<br><br>Petitioner,<br><br>v.<br><br>LUIS SOTO, *et al*<br>*Warden of Delaney Hall Detention Facility*<br><br>Respondents. | Civil Action No. 25-17839 (GC)<br><br>**MEMORANDUM & ORDER** |

**CASTNER, District Judge**

    **THIS MATTER** comes before the Court on the petition for writ of habeas corpus (Petition) pursuant to 28 U.S.C. § 2241 (§ 2241) filed, through counsel, by Petitioner Jose J. Larios Cahuec.[1] (ECF No. 1.) According to the Petition, Petitioner is currently in immigration detention at the Delaney Hall Detention Facility in Newark, New Jersey. (*Id.* ¶ 4.) In the Petition, Petitioner asks the Court to order Respondents to show cause ("OTSC") why the Petition should not be granted within three days and to set a hearing on the Petition within five days of the return pursuant to 28 U.S.C. § 2243. (*Id.* at 31.)

    28 U.S.C. § 2243 provides in relevant part that "[a] court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing

---

[1]     Petitioner names as Respondents (in their official capacities): Luis Soto, Warden of the Delaney Hall Detention Facility; John Tsoukaris, Newark, New Jersey Field Office Director for the U.S. Immigration and Customs Enforcement; Kristi Noem, Secretary of Homeland Security in the United States Department of Homeland Security; and Pamela Bondi, Attorney General of the United States. (*Id.* at 1, ¶¶ 5-8.)

the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Under this statutory provision, "[t]he writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."

However, "[t]hat statute . . . is 'not the only statute governing a habeas petition.'" *Schumaker v. Knight*, No. 23-20834, 2024 WL 866347, at *1 (D.N.J. Feb. 29, 2024) (quoting *Iremashvili v. Rodriguez*, No. 15-6320, 2017 WL 935441, at *2 (D.N.J. Mar. 9, 2017)). Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4"), applicable to 28 U.S.C. § 2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases, "provides the Court an alternative procedure, one that takes priority over the requirements of 28 U.S.C. § 2243." *Id.*; *see also Iremashvili*, 2017 WL 935441, at *224 (explaining that, as a procedural rule subsequently adopted by the Supreme Court and approved by Congress, Rule 4 supersedes § 2243). "Because Habeas Rule 4's flexible time limits apply, 'the Court is not obligated to issue a show-cause order. . . .; indeed, the common practice for courts in this District is to order respondents to answer within 45 days.' *Iremashvili*, 2017 WL 935441, at *4." *Benitez Castro v. Bondi*, No. 25-17598, 2025 WL 3213829, at *1 n.5 (D.N.J. Nov. 18, 2025).

This Court has screened the Petition for dismissal pursuant to Rule 4 and has determined that dismissal without an expedited answer and production of the record is not warranted.

**IT IS**, therefore, on this 24th day of November, 2025, **ORDERED** as follows:

**ORDERED** Petitioner's request for an OTSC (ECF No. 1 at 31) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Petition (ECF No. 1), the attachment (ECF No. 1-1), and this Memorandum and Order upon Respondents by electronic mail and regular U.S. Mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of the Petition (ECF No. 1), the attachment (ECF No. 1-1), and this Memorandum and Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that, within twenty-one (21) days of the date of entry of this Order, Respondents shall electronically file a full and complete answer to the Petition (ECF No. 1), which responds to the factual and legal allegations of the Petition; and it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis and record; and it is further

**ORDERED** that Respondents shall raise in the answer any appropriate defenses and relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that Respondents shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** that all exhibits to the answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within fourteen (14) days after the answer is filed; and it is further

     **ORDERED** that within seven (7) days after any change in Petitioner's custody or immigration status (be it release or otherwise) occurring any time during the pendency of this case, Respondents shall electronically file a written notice of the same with the Clerk of the Court.

*/s/ Georgette Castner*
_____
GEORGETTE CASTNER
United States District Judge