<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSE J. LARIOS CAHUEC,<br><br>Petitioner,<br><br>v.<br><br>LUIS SOTO, *Warden of Delaney Hall Detention Facility, et al.,*<br><br>Respondents. | Civil Action No. 25-17389 (GC)<br><br>**<u>MEMORANDUM & ORDER</u>** |

**<u>CASTNER, District Judge</u>**

**THIS MATTER** comes before the Court on the Motion for a Temporary Restraining Order (TRO) filed, through counsel, by Petitioner Jose J. Larios Cahuec. (ECF No. 3 (Motion).)  For the reasons stated below, the Motion is **DENIED without prejudice**.

On November 21, 2025, Petitioner filed a counseled petition (Petition) for a writ of habeas corpus under 28 U.S.C. § 2241.[1]  (ECF No. 1.)  On November 24, 2025, the Court entered a Memorandum and Order denying Petitioner's request for an order to show cause under 28 U.S.C. § 2243, ordering Respondents to file a full and complete answer to the Petition within twenty-one (21) days of the date of entry of the Memorandum and the Order, and permitting Petitioner to file

---

[1]     Petitioner names as Respondents (in their official capacities): Luis Soto, Warden of the Delaney Hall Detention Facility; John Tsoukaris, Newark, New Jersey Field Office Director for the U.S. Immigration and Customs Enforcement; Kristi Noem, Secretary of Homeland Security in the United States Department of Homeland Security; and Pamela Bondi, Attorney General of the United States.  (*Id.* at 1, ¶¶ 5-8.)

a reply in support of the Petition within fourteen (14) days after the answer is filed.  (ECF No. 2 at 2-3.)

On December 4, 2025, Petitioner moved for a TRO "[(i) enjoining Respondents from detaining Petitioner under 8 U.S.C. § 1225(b)(2); and (ii) ordering Petitioner's immediate release from Respondents' custody."  (ECF No. 3 at 2.)

Federal Rule of Civil Procedure 65 governs TROs and preliminary injunctions.  "If there is a possibility that irreparable injury will occur before the hearing on a preliminary injunction required by Rule 65(a) can be held, a temporary restraining order may be available under Rule 65(b)."  *Int'l Foodsource, LLC v. Grower Direct Nut Co.*, No. 16-3140, 2016 WL 4150748, at *6 (D.N.J. Aug. 3, 2016).  Such "[i]njunctive relief is an extraordinary remedy and should be granted only in limited circumstances."  *See Westchester Fire Ins. Co. v. Glob. Real Constr., LLC*, No. 09-0207, 2009 WL 137414, at *1 (D.N.J. Jan. 20, 2009) (quoting *Kos Pharm. Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)).  "The standard used to evaluate whether the issuance of a temporary restraining order is warranted is the same as that used to evaluate whether the issuance of a preliminary injunction is appropriate."  *Int'l Foodsource, LLC*, 2016 WL 4150748, at *6.  A court may grant temporary restraints only if a party shows: "(1) that it will likely succeed on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief."  *Spectrum Produce Distrib., Inc. v. Fresh Mktg., Inc.*, No. 11-6368, 2011 WL 13063669, at *2 (D.N.J. Nov. 1, 2011).  "As a practical matter, if a plaintiff demonstrates both a likelihood of success on the merits and irreparable injury, it almost always will be the case that the public interest will favor the plaintiff.  Nonetheless, district courts should

award preliminary injunctive relief only upon weighing all four factors." *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 n.8 (3d Cir. 1994).

The primary purpose of a preliminary injunction is the maintenance of the status quo until a decision on the merits of a case is rendered. *See Acierno v. New Castle Cnty.*, 40 F.3d 645, 647 (3d Cir. 1994). Where, the movant seeks to alter the status quo, that party must meet a heavy burden. *See Punnett v. Cater*, 621 F.2d 578, 582 (3d Cir. 1980).

Petitioner has failed to meet this burden. Petitioner requests a TRO ordering his immediate release from custody "instead of ordering a new bond hearing" because "there are numerous reports also around the country that most bond hearings are now being conducted in a manner that is fundamentally unfair." (ECF No. 3 at 2 (citing *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 22, 2022)).) However, Petitioner provides no support for this bald assertion. For instance, he does not provide any specific facts indicating that immigration judges ("IJs") either failed to base their factfinding "on a record produced before the decisionmaker and disclosed to [the noncitizen]," did not permit the noncitizen "to make arguments on his or her own behalf," or failed to make an "individualized determination." *Ghanem*, 2022 WL 574624, at *2 (citing *Kamara v. Att'y Gen.*, 420 F.3d 202, 211 (3d Cir. 2005)). The Court also cannot speculate as to whether, if the Court were to order a bond hearing for Petitioner, the IJ would violate Petitioner's procedural due process rights.

The requested relief of immediate release also appears greater than the relief Petitioner could obtain in his underlying relief. As Petitioner indicates, even under his reading of the relevant immigration statutes, he is still subject to detention under 8 U.S.C. § 1226(a), albeit with an entitlement to a bond hearing. (ECF No. 1 ¶¶ 32, 37.)

The Court likewise concludes that, with respect to Petitioner's request for a TRO enjoining Respondents from detaining him under 8 U.S.C. § 1225(b)(2), and given the limited record and the lack of a response by Respondents, Petitioner has failed to meet his heavy burden to alter the status quo.  *See Punnett*, 621 F.2d at 582.  Petitioner emphasizes the recent decision by the United States District Court for the Central District of California to certify "a nationwide class of noncitizens who are in immigration detention and being denied access to bond based on the overwhelmingly rejected position of the government that they are applicants for admission even though detention did not occur at a border point" and "holding that the government is unlawfully subjecting the class members under mandatory detention and that said class members are eligible for release on bond under the immigration laws."  (ECF No. 3 at 5 (citing *Bautista v. Santacruz*, No. 25-1873, 2025 WL 3288403, (C.D. Cal. Nov. 25, 2025)).)  However, the current status of the *Bautista* action is unclear.  *See Orellana Serrano v. McDonald*, No. 25-13395, 2025 WL 32996037, at *1 (D. Mass. Nov. 26, 2025) (stating that, "although the Central District of California certified a class, that court did not order the relief Petitioner requests here" and instead ordered the parties to submit a joint status report).  The Court further notes that Respondents' answer to the Petition is due by December 15, 2025.

**IT IS**, therefore, on this 8th day of December, 2025, **ORDERED** as follows:

**ORDERED** Petitioner's Motion (ECF No. 3) is **DENIED without prejudice**; and it is further

**ORDERED** that the Clerk of the Court shall terminate the Motion pending at ECF No. 3.

_____
GEORGETTE CASTNER
United States District Judge

4